**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
PETER GRAZUL (SBN 342735)
*pgrazul@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMSA NGUYEN and DAVID GARCIA, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELSEVIER INC.,<br><br>　　　　　　Defendant. | Case No: 25-cv-825<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE VIDEO PROTECTION PRIVACY ACT, 18 U.S.C. § 2710**<br><br>JURY TRIAL DEMANDED |

Plaintiffs KIMSA NGUYEN and DAVID GARCIA, on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, bring this action against defendant ELSEVIER INC. ("Elsevier") and allege the following upon their own knowledge, or where they lack personal knowledge, upon information and belief, including the investigation of their counsel.

## INTRODUCTION

1. Elsevier is a global provider of scientific, technical, and medical information products and services. It owns and operates Osmosis.org ("Osmosis"), a web-based platform that provides video-based learning resources and study tools for medical, nursing, and health professionals. In violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), without notifying them or obtaining their informed written consent, Elsevier shares with a third-party services provider, Intercom, its subscribers' full names, email address, and private viewing information. Plaintiffs bring this action seeking to enjoin Elsevier's unlawful behavior, and to recover compensation for themselves and others similarly aggrieved.

## JURISDICTION & VENUE

2. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically the VPPA.

3. The Court has personal jurisdiction over Elsevier because it has purposely availed itself of the benefits and privileges of conducting business activities within California. Elsevier maintains an office in Berkeley, California. Elsevier further maintains a team of Osmosis personnel who operate throughout California, including:

   a. Director of Open Learning Initiatives & Lead Faculty Advisor – Oakland, CA.
   b. Vice President of People & Customer Experience – San Francisco, CA.
   c. Senior Director of Marketing – San Diego, CA.
   d. Brand Marketing Lead – San Diego, CA.
   e. Email Marketing Coordinator – Los Angeles, CA.
   f. Talent Experience Lead – Hermosa Beach, CA
   g. Medical Education Account Executive – Long Beach, CA
   h. Institutional Account Manager – Mission Viejo, CA.
   i. Video Editor – Los Angeles, CA.

4. Elsevier has further availed itself of the benefits and privileges of conducting business activities within California by entering into a service contract with the San Francisco company Intercom for the provision of customer support services for the Osmosis platform.

5. The Court also has personal jurisdiction over Elsevier because it has directed its activities at California and consummated transactions with its residents by making Osmosis available to California consumers, inasmuch as California consumers are encouraged to, and do register for both free and paid Osmosis accounts.

6. Venue is proper in this Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Elsevier resides in (*i.e.*, is subject to personal jurisdiction in) this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## DIVISIONAL ASSIGNMENT

7. This civil action arises out of acts and omissions of Elsevier that occurred in Santa Clara County. Pursuant to Civil Local Rule 3-2(c) and (d), this action is therefore correctly assigned to the San Jose Division.

## PARTIES

8. Plaintiff Kimsa Nguyen is a resident of Los Gatos, California.

9. Plaintiff David Garcia is a resident of Houston, Texas.

10. Defendant Elsevier Inc. is a Delaware corporation with its principal place of business in New York, New York.

## FACTS

I.   **THROUGH OSMOSIS, ELSEVIER DELIVERS PRE-RECORDED AUDIO VISUAL MATERIALS TO SUBSCRIBERS**

11. Founded in 2015 and purchased by Elsevier in 2021, Osmosis is an educational platform designed to provide high-quality learning resources primarily for medical students, healthcare professionals, and anyone studying health-related topics. The platform seeks to make complex medical and scientific concepts easier to understand through engaging, visually-rich educational content.

12. Osmosis has an extensive library of over 2,000 pre-recorded short, animated videos that explain medical conditions, physiology, pathology, pharmacology, and other healthcare-related topics. The

platform covers a broad range of topics in medicine, nursing, and allied health sciences. From basic sciences like anatomy and biochemistry to more advanced subjects like clinical diagnosis, pathology, and treatment, Osmosis offers resources for all stages of healthcare education.

13. To access Osmosis' video library—even on a free trial basis—an individual must register with Osmosis, and during the registration must provide their full name and email address.

14. By registering for Osmosis, subscribers get access to video content that is unavailable to unregistered site visitors. For example, while unregistered visitors to Osmosis have the option to start watching videos, after a few seconds, a pop-up message appears indicating that if the unregistered visitor wishes to continue watching the video, they will need to subscribe by creating a free Osmosis account.

15. Osmosis subscribers also have the option to register for a paid (or "premium") Osmosis Prime membership plan, to gain access to additional pre-recorded video content.

## II. ELSEVIER KNOWINGLY DISCLOSES PERSONALLY IDENTIFABLE INFORMATION TO THIRD-PARTY, INTERCOM

16. Intercom is a San Francisco company providing a popular, AI-based customer messaging platform that helps online businesses communicate with their users and improve customer experiences, offering tools like live chat, email marketing, and customer support automation.[1]

17. Osmosis uses Intercom as part of its customer engagement and support strategy, including for customer support and engagement, behavior-driven messaging, feedback collection, product announcements and updates, and onboarding and user education.

18. Through the use of Intercom's cookies and scripts installed on the Osmosis website, when free or premium subscribers watch video content on Osmosis, Elsevier discloses to Intercom, in a single transmission, *inter alia*, (a) the title of the video, (b) the subscriber's full name, and (c) the subscriber's email address.

19. Below is a screenshot showing the transmission of this information (in the shot below, that the viewer watched a video titled "Anatomical terminology") from Osmosis to Intercom.

---

[1] *See* http://www.intercom.com/about.

3
*Nguyn v. Elsevier Inc.*
CLASS ACTION COMPLAINT

```
Request
Pretty  Raw  Hex
1 POST /messenger/web/ping HTTP/2
2 Host: api-iam.intercom.io
3 Content-Length: 1032
4 Sec-Ch-Ua: "Not)A;Brand";v="99", "Google Chrome";v="127", "Chromium";v="127"
5 Content-Type: application/x-www-form-urlencoded
6 Sec-Ch-Ua-Mobile: ?0
7 User-Agent: Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_7) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/127.0.0.0 Safari/537.36
8 Sec-Ch-Ua-Platform: "macOS"
9 Accept: */*
10 Origin: https://www.osmosis.org
11 Sec-Fetch-Site: cross-site
12 Sec-Fetch-Mode: cors
13 Sec-Fetch-Dest: empty
14 Accept-Encoding: gzip, deflate, br
15 Accept-Language: en-US,en;q=0.9
16 Priority: u=1, i
17
18 app_id=ifnb0qxb&v=3&g=cc413db06b58197b8c86c52ba6b5658ef1e42924&s=31dcf387-7cd4-48e5-9902-b4e02edadca2&r=
   https%3A%2F%2Fwww.osmosis.org%2Flibrary%2Fmd%2Ffoundational-sciences%2Fanatomy&platform=web&installation_type=js-snippet&Idempotency-Key=
   d5175abcc06658ea&internal=%7B%7D&is_intersection_booted=false&page_title=
   Anatomical%20terminology%3A%20Video%2C%20Anatomy%20%26%20Definition%20%7C%20Osmosis&user_active_company_id=undefined&user_data=
   %7B%22email%22%3A%22horacionasep%40gmail.com%22%2C%22user_id%22%3A4647251%2C%22anonymous_id%22%3A%22a30141e1-55cc-4c93-8d4e-384feb724cba%22%2C%
   2name%22%3A%22Horacio%20Nasep%22%7D&source=apiBoot&sampling=false&referer=
   https%3A%2F%2Fwww.osmosis.org%2Flearn%2FAnatomical_terminology%3Ffrom%3D%2Fmd%2Ffoundational-sciences%2Fanatomy%2Fintroduction-to-anatomy&
   anonymous_session=
   Z0tzUEU0TXRlOFB2QVVXczZTU1ZSNUVCT283all5S0NOcjB5aDQ5WjFId1l6Q1lOMjFnVS9heGZFM1dsdDlTRC0tWnNRV3UyUE81bUg2TTZxVDFndXpnZz09--dd2b83d825a7a96a54bfb
   3562fae8b49539c339b&device_identifier=90a5d9a2-a5c5-4ebc-93e7-9586aa5bd89f
```

20. Elsevier knew that by installing Intercom's cookies on Osmosis, it would send to Intercom Osmosis subscribers' personally identifying information, including their video-watching habits. Elsevier nevertheless deliberately installed the cookies because by using Intercom, Elsevier was able to offer different and enhanced website features designed to increase the number of Osmosis subscribers, and thereby increase its profits.

21. Indeed, Elsevier discloses (though not in compliance with the VPPA) that it collects "Contact details, such as your name, email address, postal address, phone number and social media handle," as well as "Usage data, such as the features you used . . . and pages you visited," and "share[s] your personal information with," among others "service providers, including . . . IT service providers[.]"

22. The transmission of this information occurs without subscribers' informed, written consent within the meaning of 18 U.S.C. § 2710(b)(2)(B) because:

    a. Elsevier does not and has not obtained from Osmosis subscribers "informed, written consent . . . that[] is in a form distinct and separate from any form setting forth other legal or financial obligations of" the subscriber, *see* 18 U.S.C. § 2710(b)(2)(B)(i);

    b. Elsevier has not given subscribers the "election" to have their "informed, written consent" obtained either "at the time the disclosure is sought" or "in advance for a set period of time, not to exceed 2 years or until consent is withdrawn . . . whichever is sooner," *see id.* § 2710(b)(2)(B)(ii); and

      c.    Elsevier has not "provided an opportunity, in a clear and conspicuous manner, for the [subscriber] to withdraw on a case-by-case basis or to withdraw from ongoing disclosures," *see id.* § 2710(b)(2)(B)(iii).

23.    Elsevier had no other basis under 18 U.S.C. § 2710(b)(2) for disclosing subscribers' personally identifiable information because the disclosure was:

      a.    neither to the subscribers themselves, to law enforcement pursuant to a warrant, or in a civil proceeding, *see id.* §§ 2710(2)(A), (C), (F);

      b.    not limited "solely to the names and addresses of" subscribers, nor for "the exclusive use of marketing goods and services directly to the" subscribers, *see id.* § 2710(2)(D); and

      c.    not made incident to debt collection activities, order fulfillment, request processing, or the transfer of ownership, *see id.* § 2710(2)(E); *see also id.* § 2710(a)(2).

## III. PLAINTIFFS' EXPERIENCE

24.    Plaintiff Kimsa Nguyen registered for Osmosis in October 2022, providing her full name and email address to Elsevier. At various times thereafter, including within the last several months, Ms. Nguyen viewed videos on Osmosis. As alleged herein, each time Ms. Nguyen viewed a video, Elsevier disclosed to Intercom in the same transmission her personally identifiable information, including at least her full name, email address, and the title of the video she viewed.

25.    Plaintiff David Garcia registered for Osmosis in July 2023, providing his full name and email address to Elsevier. At various times thereafter, including within the last several months, Mr. Garcia viewed videos on Osmosis. As alleged herein, each time Mr. Garcia viewed a video, Elsevier disclosed to Intercom in the same transmission his personally identifiable information, including at least his full name, email address, and the title of the video he watched.

26.    Elsevier never gave Plaintiffs, in a form distinct and separate from any other form setting forth other legal or financial obligations (such as Elsevier's Terms of Service and Privacy Policy), notice of its disclosure of their personally identifiable information to Intercom.

27.    Plaintiffs never gave Elsevier their informed, written consent to the disclosure of their personally identifiable information to Intercom.

## CLASS ACTION ALLEGATIONS

28. While reserving the right to redefine or amend the class definitions prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent a Class of all persons in the United States who, at any time during the two years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), registered with Osmosis and watched at least one video on Osmosis.

29. The Members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class in a single action will provide substantial benefits to the parties and Court. Osmosis has represented that it has over 6 million subscribers worldwide, which would mean approximately 2.2 million subscribers in the U.S. if proportional to the global population.

30. Questions of law and fact common to Plaintiffs and the Class include but are not limited to:

   a. Whether Elsevier is a "video taper service provider" within the meaning of 18 U.S.C. § 2702(a)(4);

   b. Whether Plaintiffs and other Class Members are "consumers" within the meaning of 18 U.S.C. § 2702(a)(1);

   c. Whether Elsevier knowingly disclosed to Intercom Plaintiffs' and other Class Members' "personally identifiable information" within the meaning of 18 U.S.C. §§ 2702(a)(3) and 2702(b)(1);

   d. Whether Elsevier was authorized by 18 U.S.C. § 2702(b)(2) to disclose to any person Plaintiffs' and other Class Members' personally identifiable information;

   e. The amount of damages, punitive damages, and attorneys' fees the Court should award; and

   f. What injunctive, equitable, or other relief the Court should award.

31. These common questions of law and fact predominate over questions that affect only individual members of the Class.

32. Plaintiffs' claims are typical of the Class's claims because they are based on the same underlying facts, events, and circumstances relating to Elsevier's conduct. Specifically, all Class Members,

including Plaintiffs, were subjected to the same violation of privacy as a result of Elsevier's knowing disclosure of their personally identifiable information.

33. Plaintiffs will fairly and adequately represent and protect the interests of the Class, have no interests incompatible with the interests of the Class, and have retained counsel competent and experienced in class action litigation who will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and the Class.

34. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for each Class Member to redress the wrongs done to them.

35. Elsevier has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

36. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710

37. Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth fully herein.

38. Defendant Elsevier is a video tape service provider pursuant to 18 U.S.C. § 2710(a)(4) because, by virtue of owning and operating Osmosis, it is engaged in interstate commerce, in the business of the rental, sale, or delivery of prerecorded audio visual materials, namely its video library of more than 2,000 health- and medical-related videos.

39. Plaintiffs and other Class Members are renters, purchasers, or subscribers of services from Elsevier, and thus consumers within the meaning of 18 U.S.C. § 2710(a)(1).

40. Elsevier knowingly disclosed to Intercom personally identifiable information concerning Plaintiffs and other Class Members, including their video content, full names, and email addresses. This information would readily permit an ordinary person to identify a specific individual's video-watching behavior.

41. Elsevier's disclosure was not subject to any of the exceptions set forth in 18 U.S.C. § 2710(b)(2).

42. As a result, Plaintiffs and each Class Member is entitled to actual damages, but not less than liquidated damages in an amount of $2,500; punitive damages; reasonable attorney's fees and other litigation costs; and equitable relief as the Court determines to be appropriate. *See* 18 U.S.C. § 2710(c)(2).

## **PRAYER FOR RELIEF**

43. Wherefore, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

    a. An Order declaring this action to be a proper class action, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' undersigned counsel as Class Counsel;

    b. An Order requiring Elsevier to bear the cost of Class Notice;

    c. An Order requiring Elsevier to pay statutory, compensatory, and punitive damages as permitted by law;

    d. An Order enjoining Elsevier from disclosing the personally identifiable information of Osmosis' subscribers without their informed, written consent obtained in a manner consistent with 18 U.S.C. § 2710(b)(2)(B);

    e. An Order compelling Elsevier to destroy all personally identifiable information and to comply with 18 U.S.C. § 2702(e);

    f. A judgment awarding any and all further equitable, injunctive, and declaratory relief as may be appropriate;

    g. Pre- and post-judgment interest, as permitted by law;

    h. An award of attorney fees and costs; and

    i. Such further relief as the Court deems necessary, just, or proper.

## **JURY DEMAND**

44. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 24, 2025                    /s/ Jack Fitzgerald
                                           **FITZGERALD MONROE FLYNN PC**
                                           JACK FITZGERALD
                                           *jfitzgerald@fmfpc.com*

MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
PETER GRAZUL
*pgrazul@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**Counsel for Plaintiff**