MARK DAVID McPHERSON (307951)
*mmcpherson@goodwinlaw.com*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: +1 212 813 8800

Attorneys for Defendant Elsevier Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

KIMSA NGUYEN and DAVID GARCIA, on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

ELSEVIER INC.,

Defendant.

Case No. 5:25-cv-00825-NC

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

DEMAND FOR JURY TRIAL

Courtroom: 5 – 4th Floor
Judge: Hon. Nathanael M. Cousins

Complaint filed: January 24, 2025

Defendant Elsevier Inc. answers Plaintiffs' allegations in Plaintiffs' Complaint (ECF No. 1) as follows. For convenience and clarity, Elsevier has repeated the section headings of the Complaint, but does not admit that those headings are an accurate or fair representation of the conduct alleged in the Complaint.

To the extent the Complaint asserts conclusions of law, such conclusions of law require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Elsevier denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

Except as expressly admitted or qualified hereafter, Elsevier denies each and every allegation of the Complaint.

## INTRODUCTION

1. Elsevier admits that Plaintiffs purport to bring this action against Elsevier; that Elsevier is a global scientific publisher and data analytics company that provides products and services relating to healthcare, science, and technology; and that Elsevier owns and operates Osmosis.org, a web-based educational platform offering learning resources for medical and health professionals. Elsevier denies the remaining allegations in this paragraph, and denies that it violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, in any way.

## JURISDICTION AND VENUE

2. Elsevier admits that Plaintiffs purport to bring this action under federal law. Elsevier denies that Plaintiffs have standing to bring their claim and thus denies that the Court has jurisdiction of this case.

3. Elsevier admits it maintains an office in Berkeley, California, and that it employs individuals in California. Elsevier otherwise denies the remaining allegations in this paragraph and denies that these facts establish personal jurisdiction over Elsevier in this case.

4. Elsevier admits that it has contracted with Intercom for certain customer support services. Elsevier lacks knowledge or information sufficient to form a belief as to Intercom's headquarters, and denies that these facts establish personal jurisdiction over Elsevier in this case.

5. Elsevier admits that Osmosis is available to California residents and that some California residents have registered for Osmosis accounts. Elsevier denies the remaining allegations in this paragraph.

6. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Elsevier denies the allegations contained in this paragraph.

## DIVISIONAL ASSIGNMENT

7. Because this paragraph purports to state legal conclusions, no response is required. To the extent any response is required, Elsevier denies the allegations contained in this paragraph.

## PARTIES

8. Elsevier lacks sufficient knowledge or information to admit or deny the allegations regarding Kimsa Nguyen's residence.

9. Elsevier lacks sufficient knowledge or information to admit or deny the allegations regarding David Garcia's residence.

10. Elsevier admits that it is a Delaware corporation with its principal place of business in New York, New York.

## FACTUAL ALLEGATIONS

11. Elsevier admits that Osmosis was founded in 2015 and acquired by Elsevier in 2021. Elsevier further admits that Osmosis is an educational platform offering learning resources primarily for medical and health-related education, and that it seeks to make complex medical and scientific concepts easier to understand. Except as otherwise admitted, Elsevier denies the allegations in this paragraph.

12. Elsevier admits that Osmosis offers various resources for all stages of healthcare education, and that it offers a library of pre-recorded educational videos covering topics such as medical conditions, physiology, pathology, and pharmacology. Except as otherwise admitted, Elsevier denies this paragraph.

13. Elsevier admits that users of Osmosis are required to register or subscribe to Osmosis in order to view the full-length of video content on Osmosis's website. Elsevier

otherwise denies the allegations in this paragraph.

14. Elsevier admits that users of Osmosis are required to register or subscribe to Osmosis in order to view the full-length of video content on Osmosis's website. Elsevier otherwise denies the allegations in this paragraph.

15. Elsevier admits that Osmosis offers a paid subscription plan, which provides access to additional content. Elsevier otherwise denies the allegations in this paragraph.

16. Elsevier admits that Intercom provides customer messaging and support services. Elsevier lacks sufficient knowledge or information to otherwise admit or deny the remaining allegations in this paragraph.

17. Elsevier admits that it uses Intercom for customer engagement and support functions, including messaging and onboarding.

18. Elsevier denies the allegations in this paragraph.

19. Elsevier lacks sufficient knowledge or information to admit or deny the authenticity or context of the screenshot purportedly displayed in this paragraph and therefore denies the allegations in this paragraph.

20. Elsevier denies the allegations in this paragraph.

21. Elsevier admits that its Privacy Policy and Cookie Notice disclose the collection and sharing of certain categories of personal information with service providers. Elsevier otherwise denies the allegations in this paragraph.

22. Elsevier denies the allegations in this paragraph.

23. Elsevier denies the allegations in this paragraph.

24. Elsevier admits that Kimsa Nguyen registered for Osmosis and provided her name and email address. Elsevier lacks sufficient knowledge or information to admit or deny the specific dates or frequency of her video viewing, and otherwise denies the remaining allegations in this paragraph.

25. Elsevier admits that David Garcia registered for Osmosis through his educational institution. Elsevier lacks sufficient knowledge or information to admit or deny the specific dates

or frequency of his video viewing, and otherwise denies the remaining allegations in this paragraph.

26. Elsevier denies the allegations in this paragraph.

27. Elsevier denies the allegations in this paragraph.

**CLASS ACTION ALLEGATIONS**

28. Elsevier admits that Plaintiffs purport to bring this action on behalf of a putative class as described. Elsevier denies that class certification is appropriate or that Plaintiffs meet the requirements of Federal Rule of Civil Procedure 23.

29. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

30. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

31. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

32. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

33. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

34. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

35. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

36. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Violation Of The Video Privacy Act, 18 U.S.C. § 2710**

37. Elsevier incorporates its responses to the preceding paragraphs as though fully set forth herein.

38. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

39. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

40. Elsevier denies the allegations in this paragraph.

41. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

42. To the extent this paragraph purports to state legal conclusions, no response is required. Elsevier otherwise denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

43. Elsevier denies that Plaintiffs or any putative class members are entitled to any of the relief requested in subparagraphs (a) through (i), including but not limited to class certification, damages of any kind, declaratory or injunctive relief of any kind, attorneys' fees, or any other form of relief

**AFFIRMATIVE DEFENSES**

By stating the matters set forth in these defenses, Elsevier does not allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on Elsevier's knowledge, information, and belief at this time, and Elsevier specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Elsevier reserves the right to assert other defenses as information is gathered through discovery and investigation.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring the claims asserted because they have not suffered a concrete, particularized injury traceable to Elsevier.

3. Plaintiffs consented to the alleged conduct through acceptance of Elsevier's Terms and Conditions, Privacy Policy, and/or Cookie Notice.

4. Any disclosures made by Elsevier were in compliance with applicable law, including the VPPA.

5. Any disclosures made fall within exceptions provided in 18 U.S.C. § 2710(b)(2).

6. Elsevier did not knowingly disclose personally identifiable information as defined by the VPPA.

7. Elsevier acted in good faith and in reliance on applicable legal standards and industry practices.

8. Plaintiffs and putative class members have not suffered any actual damages as a result of the alleged conduct.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, and estoppel.

11. The alleged damages suffered by Plaintiffs, if any, were caused by the acts of third parties and Elsevier was not responsible for their conduct.

12. Plaintiffs' claims for damages should be denied or reduced due to Plaintiffs' failure to mitigate their respective alleged damages, in whole or in part.

13. Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs cannot show that they will suffer any irreparable harm from Elsevier's actions.

14. Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

15. Plaintiffs are barred from recovery to the extent they would be unjustly enriched by any recovery. As such, any claims for damages or other monetary relief must be offset and

reduced by the value received.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages and harm, if any, were caused by other persons or entities for whose conduct Elsevier is not legally responsible.

17. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

18. Plaintiffs' claims are barred because Plaintiffs are not the real parties in interest.

19. Plaintiffs' claims are barred, in whole or in part, because Elsevier's conduct was justified, excused, and/or privileged.

20. Plaintiffs' claims are barred, in whole or in part, because Elsevier's conduct was commercially reasonable.

21. Elsevier hereby reserves the right to amend its Answer to raise additional defenses as they become available or apparent to it through discovery in this matter or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Elsevier requests the following relief:

1. That Plaintiffs take nothing by their Complaint;

2. That judgement be rendered in favor of Elsevier;

3. That the Court award Elsevier its reasonable costs, expenses, and attorneys' fees incurred in defense of this action; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Elsevier hereby demands a jury trial on all issues raised in this action upon which a jury trial is permitted.

Dated: June 23, 2025

Respectfully submitted,

By: */s/ Mark David McPherson*

MARK DAVID McPHERSON
*mmcpherson@goodwinlaw.com*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: +1 212 813 8800

Attorneys for Defendant Elsevier Inc.