**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmpc.com*
TREVOR M. FLYNN (SBN 253362)
*tflynn@fmfpc.com*
KADEN D. BYRON (SBN 333158)
*kbyron@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL E. SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619)215-1741
***Counsel for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

KIMSA NGUYEN and DAVID GARCIA, on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

ELSEVIER, INC.,

Defendant.

Case No. 5:25-cv-00825-NC

**DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**REDACTED FOR PUBLIC FILING**

Judge: Hon. Nathanael M. Cousins
Date: December 9, 2026
Time: 11:00 a.m.
Location: Courtroom 5, 4th Floor

I, Jack Fitzgerald, declare:

1. I am a member in good standing of the State Bars of California and New York; and of the United States District Courts for the Northern, Central and Southern Districts of California, the Southern, Eastern, and Northern Districts of New York, and the Western District of Wisconsin; and of the United States Courts of Appeal for the Second, Eighth, and Ninth Circuits. I make this declaration based on my own personal knowledge, in support of Plaintiffs' Motion for Class Certification.

**Elsevier Documents Relevant to Class Certification**

2. Attached hereto as Exhibit 1 is a true and correct copy of a document produced by Elsevier in native CSV (comma separated value) format (readable by Microsoft Excel), bearing production number "Elsevier_00000236_CONFIDENTIAL." According to metadata produced with the document, it is titled, [redacted] Because Elsevier designated Ex. 1 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 1 was produced in native form, Plaintiffs are filing the document manually.

3. This motion references several spreadsheets. Many of them contain data in fields that cannot be viewed in full by default when opened. In many cases, the easiest way to make a spreadsheet with many columns of data readable is to select all cells with the arrow near the intersection of Column A and Line 1.



Then, under the Format menu, select "AutoFit Column Width."



This will ensure all fields are readable, as one scrolls to the right (compare, for example, Column I, "emails" above, with Column I below).




4. Attached hereto as Exhibit 2 is a true and correct copy of a document produced by Elsevier in native CSV format, bearing production number "Elsevier_00000237_CONFIDENTIAL." According to metadata produced with the document, it is titled, [redacted] Because Elsevier designated Ex. 2 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 2 was produced in native form, Plaintiffs are filing the document manually.

5. Attached hereto as Exhibit 3 is a true and correct copy of a document produced by Elsevier in native CSV format, bearing production number "Elsevier_00000241_CONFIDENTIAL." According to metadata produced with the document, it is titled, "**OSMS-17334 - Video Watched Data.csv**." Because Elsevier designated Ex. 3 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 3 was produced in native form, Plaintiffs are filing the document manually.

6. Attached hereto as Exhibit 4 is a true and correct copy of a document produced by Elsevier in native CSV format, bearing production number "Elsevier_00000244_CONFIDENTIAL." According to metadata produced with the document, it is titled, "**OSMS-17334 - Video Views Data.csv**." Because Elsevier designated Ex. 4 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 4 was produced in native form, Plaintiffs are filing the document manually.

7. Attached hereto as Exhibit 5 is a true and correct copy of a document produced in this action by Elsevier, bearing production numbers Elsevier_00000215-16, which is a file called "**intercom.ts**" that Elsevier produced, comprising code to load Intercom. Because Elsevier designated Ex. 5 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

8. Attached hereto as Exhibit 6 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00000303-305. Metadata produced with the document

show it is titled, "**tracking.md**" (md is a markdown, or plain text type file). Because Elsevier designated Ex. 6 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

9. Attached hereto as Exhibit 7 is a true and correct copy of a document produced in this action by Elsevier, bearing production numbers Elsevier_00000401-406. Metadata produced with the document show it is titled "**intercom.ts.**" Because Elsevier designated Ex. 7 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

10. Attached hereto as Exhibit 8 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00000429-49. Metadata produced with the document show it is titled, "**index.ts**." Because Elsevier designated Ex. 8 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

11. Attached hereto as Exhibit 9 is a true and correct copy of a document produced in this action by Elsevier, in native CSV format, bearing production number Elsevier_00000298. Metadata produced with the document show it is titled, "**Osmosis-tracking-Jira.csv**." Because Elsevier designated Ex. 9 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 9 was produced in native form, Plaintiffs are filing it manually. Some particularly relevant entries in this spreadsheet include:

| **Row** | **Platform(s)** | **Statements** |
|---|---|---|
| 23 | Intercom | [redacted] |
| 31 | Intercom | [redacted] |
| 74 | Intercom | [redacted] |

| Row | Platform(s) | Statements |
|---|---|---|
| 144 | Intercom | [redacted] |
| 144 | Intercom | [redacted] |
| 170 | Pendo | [redacted] |
| 264 | Pendo & Intercom | [redacted] |
| 384 | Pinterest | [redacted] |
| 403 | Meta/GTM | [redacted] |
| 460 | Meta/Facebook | [redacted] |
| 464 | Pendo | [redacted] |

12. Attached hereto as Exhibit 10 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00003338-39, which is a January 26, 2023 email from Vincent Waldman to Brooke Leddy with the subject line, [redacted] Because Elsevier designated Ex. 10 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

13. Attached hereto as Exhibit 11 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00007958, which is a June 13, 2023 email that Elsevier's Product Manager for Osmosis's business-to-consumer, Patrick Diller, sent from his personal account to his work account, with no subject line, discussing the "Pros" and "Cons" of various tracking technologies including Pendo and Google Analytics. Because Elsevier designated Ex. 11 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

14. Attached hereto as Exhibit 12 is a true and correct copy of a document produced in this action by Elsevier, bearing production numbers Elsevier_00004035-40, which is a July 19-24, 2023 email chain between Elsevier and Pendo personnel, with the subject line, "[redacted] Because Elsevier designated Ex. 12 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

15. Attached hereto as Exhibit 13 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00004468-69, which is a February 7-8, 2024 email chain between The Meta Business Team and Diana Stanley with the subject line, [redacted]." The initial email in the chain references [redacted]. Mr. Gaglani founded Osmosis before it was purchased by Elsevier. Because Elsevier designated Ex. 13 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

16. Exhibit 14 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00003862-65, which is an August 19-27, 2024 email chain between various Elsevier and Publicis personnel, with the subject line, "[redacted]." Publicis is a company Elsevier hired to manage Osmosis's tracking. In an August 22, 2024 email, [redacted] Because Elsevier designated Exhibit 14 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

17. Attached hereto as Exhibit 15 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00003904-912, which is a September 12-25, 2024 email chain between Elsevier personnel. The discussion involves [redacted] Because Elsevier designated Ex. 15 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

18. Attached hereto as Exhibit 16 is a true and correct copy of a document produced in this action by Elsevier, bearing production number Elsevier_00007117-45, which is an October 1 - December 3, 2024 email chain between various Elsevier and Publicis personnel, with the subject line, "[redacted] Because Elsevier designated Ex. 16 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

**Elsevier Discovery Responses**

19. Attached hereto as Exhibit 17 is a true and correct copy of Elsevier's June 30, 2025 Responses to Plaintiffs' First Requests for Admission. Plaintiffs' First Requests for Admission defined "VIDEO CONTENT" as "prerecorded video content or similar audio visual materials, within the meaning of 18 U.S.C. § 2710(a)(4)."

20. Attached hereto as Exhibit 18 is a true and correct copy of Elsevier's June 30, 2025 Responses to Plaintiffs' First Set of Interrogatories, which Elsevier verified on July 31, 2025.

21. Attached hereto as Exhibit 19 is a true and correct copy of Elsevier's September 26, 2025 Responses to Plaintiffs' Second Set of Interrogatories.

**Documents Produced by Plaintiffs Relevant to Class Certification**

22. Attached hereto as Exhibit 20 is a true and correct copy of a document Plaintiff Kimsa Nguyen produced in this action bearing production number KN00053, which depicts her Osmosis Billing dashboard.

23. Attached hereto as Exhibit 21 is a true and correct copy of a document Plaintiff Kimsa Nguyen produced in this action bearing production number KN00055-56, which depicts her Osmosis Analytics dashboard.

24. Attached hereto as Exhibit 22 is a true and correct copy of a document Plaintiff David Garcia produced in this action bearing production number DG00001-2, which is a July 21, 2023 email from Osmosis to Mr. Garcia titled, "Activate your Osmosis account to start learning by Osmosis."

25. Attached hereto as Exhibit 23 is a true and correct copy of a document Plaintiff David Garcia produced in this action bearing production number DG00167-74, which depicts his Osmosis Analytics dashboard.

**Documents Produced by Third Parties Relevant to Class Certification**

**Intercom**

26. Plaintiffs served a subpoena on third-party Intercom, Inc. in this action. Pending class certification, Plaintiffs agreed Intercom could initially comply with the subpoena by searching for and producing Plaintiff-specific event data transmitted from Osmosis to Intercom during the relevant period.

27. Attached hereto as Exhibit 24 is a true and correct copy of a document produced in this action by third-party Intercom in native CSV format, in response to Plaintiffs' subpoena, titled "**62e2ca8575dfc4808ef9ec92_request_logs_2024.csv**." In producing this document, Intercom's counsel provided by email an "Explanation of logs" that stated "Request Logs[] [s]how[] the interactions a user had with Intercom on the customer's website e.g. which pages they visited." Because Intercom designated Ex.

24 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 24 was produced in native spreadsheet format, it is being manually lodged.

28. Exhibit 24 specifically pertains to Plaintiff Kimsa Nguyen's Osmosis activity. In some cases, the relevant data is not apparent (*i.e.*, is hidden) until a cell is double-clicked. This is particularly important with respect to Column O, "[redacted]." Before double-clicking the cell looks blank, with just a { symbol populating it. After double-clicking, information like the below is revealed (this is from Row 20).

[redacted]

Other columns in Ex. 24 with such "hidden" data include Column A ("[redacted]"), Column E ("[redacted]"), Column H ("[redacted]"), and Column M ("[redacted]).

29. To make the data more useable, Intercom produced a version in which URLs were extracted from Column O and placed in Column W ("[redacted]"), in a document titled "**____@chsu.edu_request_logs_with_page_url.csv**," which Intercom produced in native CSV format, readable in Microsoft Excel, a true and correct copy of which is attached hereto as Exhibit 25. Because Intercom designated Ex. 25 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 25 was produced in native form, it is being manually lodged.

30. Attached hereto as Exhibit 26 is a true and correct copy of a Declaration of Custodian of Records for Intercom, Inc., attesting to the authenticity of the records Intercom produced, and its ability to "produce similar records with respect to data transmitted to Intercom since January 24, 2023 from www.osmosis.org ('Osmosis') regarding Osmosis subscribers other than Plaintiffs."

**Meta**

31. Plaintiffs served a subpoena on Meta Platforms, Inc. in this action. Pending class certification, Plaintiffs agreed Meta could initially comply with the subpoena by searching for and producing Plaintiff-specific Event Data captured by the Pixel that was transmitted from Elsevier via the Osmosis site to Meta, between the date of the filing of the Complaint (January 24, 2025), and two years prior.

32. Attached hereto as Exhibit 27 is a true and correct copy of a document produced in response to Plaintiffs' subpoena by third-party Meta Platforms, in native Microsoft Excel format, titled "**META_GARCIA_0001 (CONFIDENTIAL).xlsx**." Because Meta designated Ex. 27 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 27 was produced in native form, it is being manually lodged. Notably, the events in this document can be matched to events in Elsevier's records, as demonstrated by the below example.

| **Field** | **Ex. 3, Elsevier241, Row 379** | **META_GARCIA_001, Row 29** |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |

33. Attached hereto as Exhibit 28 is a true and correct copy of another document Meta produced in response to Plaintiffs' subpoena, bearing production number "**META_GARCIA_00002 (CONFIDENTIAL).pdf**," titled "**Field Descriptions in META_GARCIA_00001 (Confidential)**."

Because Meta designated the document "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal.

34. Per an August 11 email to me, Meta has further agreed to produce and authenticate—and is in the process of gathering—"a sample of putative class data transmitted to Meta between January 21, 2023 through January 21, 2025 through the Elsevier Pixel ID," with Plaintiffs selecting "three days during that period, and Meta" to "produce up to 5,000 rows of Pixel event data per day for a total of up to 15,000 rows, to the extent such data exists." Based on Meta's estimate, I presently expect the production to be made between mid-September and early October.

**Pinterest**

35. Plaintiffs served a subpoena on Pinterest, Inc. in this action. Pending class certification, Plaintiffs agreed Pinterest could initially comply with the subpoena by providing data from Osmosis associated with Plaintiffs. To do so, I provided Pinterest the Plaintiffs' names, email addresses, and Pinterest usernames.

36. Attached hereto as Exhibit 29 is a true and correct copy of a document produced in response to Plaintiffs' subpoena by third-party Pinterest, in native CSV format, titled "**Elsevier-Pinterest-0000001.csv**." Because Pinterest designated the document "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 29 was produced in native form, it is being manually lodged.

37. Attached hereto as Exhibit 30 is a true and correct copy of a document produced in response to Plaintiffs' subpoena by third-party Pinterest, in native CSV format, titled "**Elsevier-Pinterest-0000002.csv**." Because Pinterest designated the document "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 30 was produced in native form, it is being manually lodged.

38. Attached hereto as Exhibit 31 is a true and correct copy of a document produced in response to Plaintiffs' subpoena by third-party Pinterest, in native CSV format, titled "**Elsevier-Pinterest-0000003.csv**." Because Pinterest designated the document "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. And because Ex. 31 was produced in native form, it is being manually lodged.

39. Attached hereto as Exhibit 32 is a true and correct copy of an email chain between me and Pinterest's counsel, dated June 5 to June 11, 2026 and bearing the subject line, "Nguyen v. Elsevier, Inc. Case No. 5:25-cv-008250-NC – Non-party Pinterest, Inc.'s Document Production." In that email chain, on June 11, Pinterest's counsel advised me Ms. Nguyen's Pinterest User ID is [redacted], and Mr. Garcia's User ID is [redacted]. *See* Ex. 32 at 1. The remaining User ID reflected in the records, [redacted], is identified in Column J of the spreadsheets Pinterest produced as the "owneruserid."

**Pendo**

40. Plaintiffs served a subpoena on Pendo.io in this action. Prior to class certification, Pendo agreed to produce analytics data for the two named Plaintiffs.

41. Attached hereto as Exhibit 33 is a true and correct copy of a document produced by Pendo in response to Plaintiffs' subpoena, which is titled "**access_request.2526725_confidential.pdf.**" Because Pendo designated Ex. 33 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. Moreover, because Ex. 33 is nearly 64MB, Plaintiffs are filing it manually.

42. Attached hereto as Exhibit 34 is a true and correct copy of a document produced by Pendo in response to Plaintiffs' subpoena, which is titled "**access_request.3530329_confidential.pdf.**" Because Pendo designated Ex. 34 "CONFIDENTIAL" under the Protective Order, Plaintiffs are moving to file it under seal. Moreover, because Ex. 34 is nearly 58MB, Plaintiffs are filing it manually.

**Elsevier Deposition Transcripts**

43. Attached hereto as Exhibit 35 is a true and correct copy of excerpts of the transcript of the October 1, 2025 deposition of Brooke Leddy, Osmosis's Engineering Manager ("Leddy Dep. Tr.").

44. Attached hereto as Exhibit 36 is a true and correct copy of excerpts of the transcript of the October 2, 2025 deposition of Adam Feldstein, Director of Product Management for Osmosis ("Feldstein Dep. Tr.").

45. Attached hereto as Exhibit 37 is a true and correct copy of excerpts of the transcript of the August 24, 2026 deposition of Chè Nxusani, an Osmosis Principal Engineer ("Nxusani Dep. Tr."). Because portions of the transcript discuss documents or information designated by a party or non-party as

confidential under the Protective Order, Plaintiffs are publicly filing a redacted version, and filling an unredacted version under seal.

46. Attached hereto as Exhibit 38 is a true and correct copy of excerpts of the transcript of the August 27, 2026 deposition of Diana Stanley, Osmosis's former Marketing Manager ("Stanley Dep. Tr.").

47. Attached hereto as Exhibit 39 is a true and correct copy of excerpts of the transcript of the August 28, 2026 deposition of Elsevier pursuant to Fed. R. Civ. P. 30(b)(6), given by its designated representative, Brooke Leddy ("30(b)(6) Dep. Tr."). Because portions of the transcript discuss documents or information designated by a party or non-party as confidential under the Protective Order, Plaintiffs are publicly filing a redacted version, and filling an unredacted version under seal.

**Plaintiff Deposition Transcripts**

48. Attached hereto as Exhibit 40 is a true and correct copy of excerpts from the transcript of the August 11, 2026 deposition of Plaintiff Kimsa Nguyen ("Nguyen Dep. Tr.").

49. Attached hereto as Exhibit 41 is a true and correct copy of excerpts from the transcript of the August 14, 2026 deposition of Plaintiff David Garcia ("Garcia Dep. Tr.").

**Expert Deposition Transcripts**

50. Attached hereto as Exhibit 42 is a true and correct copy of excerpts from the transcript of the August 21, 2026 deposition of Plaintiffs' expert, Jason Frankovitz ("Frankovitz Dep. Tr."). Because portions of the transcript discuss documents or information designated by a party or non-party as confidential under the Protective Order, Plaintiffs are publicly filing a redacted version, and filling an unredacted version under seal.

51. Attached hereto as Exhibit 43 is a true and correct copy of excerpts from the transcript of the August 26, 2026 deposition of Elsevier's expert, Andrew Shaxted ("Shaxted Dep. Tr."). Because portions of the transcript discuss documents or information designated by a party or non-party as confidential under the Protective Order, Plaintiffs are publicly filing a redacted version, and filling an unredacted version under seal.

52. Attached hereto as Exhibit 44 is a true and correct copy of excerpts from the transcript of the August 31, 2026 deposition of Plaintiffs' expert, Stuart Schechter ("Schechter Dep. Tr."). Because portions of the transcript discuss documents or information designated by a party or non-party as confidential under

the Protective Order, Plaintiffs are publicly filing a redacted version, and filling an unredacted version under seal.

**Counsel's Adequacy**

53. Fitzgerald Monroe Flynn PC ("FMF") was established in San Diego, California in 2013 as The Law Office of Jack Fitzgerald, PC, and dedicates its practice almost entirely to prosecuting class actions on behalf of consumers. The firm and its attorneys have been appointed class counsel in numerous cases and helped victimized consumers recover millions of dollars.[1] A Firm Biography is attached hereto as Exhibit 45.

54. FMF filed this action in January 2025 and has vigorously prosecuted it since, dedicating over 1,680 hours to the case thus far, and incurring substantial out-of-pocket expenses. FMF's work has included a variety of law and motion practice and written and testimonial fact and expert discovery.

55. As far as I am aware and believe, FMF has no conflicts with the Class.

**Written Party Discovery**

56. On behalf of Plaintiffs and the Class, between May 2025 and May 2026, FMF served four sets of Requests for Production on Elsevier; two sets of Interrogatories; and two sets of Requests for Admission. FMF also worked with Plaintiffs to respond to Elsevier's Requests for Production, Interrogatories, Requests for Admission, and Requests for Inspection, including producing relevant documents.

57. Between November 7, 2025 and September 1, 2026, Elsevier has thus far produced 14,275 pages of documents including technical documents like software code and scripts, data records in spreadsheet format, Google Tag Manager configuration exports, and engineering Jira tickets. Elsevier has also produced a substantial body of email communications and other non-technical documents. FMF has

[1] *See, e.g.*, *In re Silvergate Cap. Corp.*, 2026 WL 973368 (S.D. Cal. Feb. 10, 2026) (final approval); *Andrade-Heymsfield v. NextFoods, Inc.*, 2024 WL 3871634 (S.D. Cal. Apr. 8, 2024) (final approval); *Testone v. Barlean's Organic Oils, LLC*, 2023 WL 2375246 (S.D. Cal. Mar. 6, 2023) (final approval); *McMorrow v. Mondelez Int'l, Inc.*, 2027 WL 1056098 (S.D. Cal. Apr. 8, 2022) (final approval); *Hadley v. Kellogg Sales Co.*, 2021 WL 5706967 (N.D. Cal. Nov. 23, 2021) (Koh, J.) (final approval); *Testone v. Barlean's Organic Oils, LLC*, 2021 WL 4438391 (S.D. Cal. Sept. 28, 2021) (class certification); *Milan v. Clif Bar & Co.*, 340 F.R.D. 591 (N.D. Cal. 2021) (class certification); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal. 2020) (class certification); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084 (N.D. Cal. 2018) (Koh, J.) (class certification).

reviewed, tagged, and categorized the vast majority of this production, only a small portion of which is discussed in the present motion for class certification.

**Third Party Discovery**

58. On behalf of Plaintiffs and the Class, FMF has also subpoenaed multiple third parties including Intercom, Meta, Pinterest, Pendo, Google, Microsoft, Publicis, and Keen. FMF also filed a miscellaneous action in the Southern District of New York to enforce the subpoena to Publicis, then dismissed the action without prejudice when that finally caused Publicis to respond.

59. Plaintiffs have timely provided to Elsevier all documents produced by third parties in response to their subpoenas in this case.

60. Plaintiffs' subpoenas in this case called for production of data regarding all registered Osmosis users. Given the case schedule permitting for additional fact and expert discovery following class certification—as Plaintiffs did with respect to Elsevier, *see* Dkt. No. 69 at 1 & n.1 ("Plaintiffs agreed to table for now" requests that "call for information that would identify individual putative Class Members with specificity" with "the idea to revisit these requests if a class is certified")—Plaintiffs agreed that Intercom, Meta, Pinterest and Pendo could make initial productions limited to Plaintiffs' data, and Plaintiffs would thereafter obtain classwide data, if necessary, following class certification. Based on my interactions with them thus far, if a Class is certified, I generally expect these third parties to cooperate in producing fulsome records, and will pursue appropriate relief if they are not.

**Depositions**

61. In October 2025, FMF took the depositions of the two trial witnesses Elsevier identified in its initial disclosures, Brooke Leddy and Adam Feldstein.

62. In August 2026, after receiving some of Elsevier's production—and notwithstanding Elsevier's motion for a Protective Order to avoid them, *see* Dkt. No. 90—FMF took the depositions of an Osmosis Principal Engineer, Che Nxusani, and Elsevier, pursuant to Rule 30(b)(6). In August 2026, FMF also took the deposition of Osmosis's former Marketing Manager, Diana Stanley; and of Elsevier's class certification expert, Andrew Shaxted.

63. In August 2026, FMF also defended the depositions of Plaintiffs Kimsa Nguyen and David Garcia; and of their experts, Jason Frankovitz and Dr. Stuart Schechter.

**Other Relevant Information**

64. I am not aware of any other action against Elsevier asserting claims under the Video Privacy Protection Act related to Osmosis.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 4th day of September, 2026, in San Diego, California

By: /s/ Jack Fitzgerald
Jack Fitzgerald